IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | |
| TACO BELL CORP., | ) ) | **C O M P L A I N T** |
| Defendant. | ) ) ) | JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e et seq., and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices based on sexual harassment and constructive discharge and to make whole Charging Party. The Commission alleges that Taco Bell Corp., subjected Charging Party, a minor, and former employee, to sexual harassment and constructive discharge.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This is an action authorized and instituted pursuant to Sections 706(f) (1) and (3) of Title VII and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. 1981a.

2. The unlawful employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for the Western District of Tennessee.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("the Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by §706(f)(1) and (3) of Title VII, 42 U.S.C. §2000-5(f)(1) and (3).

4. At all relevant times, Defendant Taco Bell Corp., ("Employer" or "Defendant"), has continuously been a foreign corporation doing business as Taco Bell Corp., in the State of Tennessee and the City of Memphis, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of §701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty (30) days prior to the institution of this lawsuit, Charging Party filed a charge of discrimination with the Commission alleging that Defendant Employer engaged in employment practices which violate Title VII. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least approximately April, 2006, Defendant Employer has engaged in unlawful employment practices at its 2183 Frayser Boulevard facility in Memphis, Tennessee in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. §2000e-2(a). The unlawful employment practices involved subjecting Charging Party, a minor, to sexual harassment because of her sex, and constructively discharging her from employment with Defendant.

8. Charging Party, then a 16 year old female, filed Charge No. 490-2006-01395 with the Commission on May 13, 2006.

9. Charging Party began working for Defendant's restaurant as a crewmember on April 22, 2006, when she was 16 years old after undergoing an interview and orientation with Store Manager, Terence Davis, then 35 years old; it was Charging Party's first job and the restaurant was in her neighborhood.

10. On Charging Party's first day of work, Store Manager Terence Davis subjected Charging Party to unwelcome sexual harassment.

11. The sexual harassment consisted of Store Manager Davis kissing Charging Party, grabbing her breasts, grabbing her buttocks, and placing his tongue down her mouth.

12. When Charging Party pulled away from him, Store Manager Davis grabbed her again, kissed and fondled her. Davis also blocked the door with his body and prevented Charging Party from leaving.

13. Store Manager Davis also sexually assaulted Charging Party when he penetrated Charging Party's genitalia with his fingers and requested that she meet him later in the restroom.

14. The Store Manager's sexual harassment, including the sexual assault of Charging Party, was severe or pervasive.

15. The Store Manager's harassment of Charging Party caused her extreme emotional distress and forced her to flee the restaurant and not return to work, thereby resulting in a constructive discharge.

16. Within two business days of the assault, Charging Party and her mother met with Defendant's area manager to complain about the harassment.

17. Defendant did not inform Charging Party that Store Manager Davis had been suspended, did not invite Charging Party back to work, nor did Defendant attempt to reassure Charging Party that it was safe for her to return to its restaurant.

18. Defendant is strictly liable for the sexual harassment of Charging Party by Store Manager Davis.

19. After the sexual assault, Charging Party's mother moved the family to a different neighborhood and moved Charging Party to a different school because Charging Party had to pass the restaurant on her way to school.

20. Charging Party has undergone counseling and is presently on medication to regulate her moods.

21. Charging Party continues to suffer from depression and bouts of extreme anger; her grades suffered after the attack and have never fully recovered.

22. The unlawful employment practices alleged above were intentional.

23. The unlawful employment practices complained of above were done with malice and/or reckless indifference to the federally protected rights of Charging Party.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Commission respectfully prays that this Court:

A. Grant a permanent injunction enjoining Defendant Employer and its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in harassment and any other employment practice which discriminates on the basis of sex, female.

B. Order Defendant Employer to provide mandatory training regarding Title VII and its prohibition against sexual harassment to all management and non-management officials in its various facilities

C. Order Defendant Employer to institute and carry out policies, practices and programs to eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant Employer to make whole Charging Party by providing

appropriate back pay with prejudgment interest in amounts to be proved at trial and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

  E. Order Defendant to make whole Charging Party by providing compensation for past and future pecuniary losses in amounts to be determined at trial.

  F. Order Defendant to make whole Charging Party by providing compensation for non-pecuniary losses, including emotional pain, suffering, mental anguish and humiliation, in amounts to be determined at trial.

  G. Order Defendant to pay punitive damages to Charging Party for its malicious and/or reckless conduct, in amounts to be determined at trial.

  H. Grant such further relief as the Court deems necessary and proper.

  I. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,


**RONALD S. COOPER**
General Counsel

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

s/ Faye A. Williams (with permission DBT)
**FAYE A. WILLIAMS**
Regional Attorney
Tennessee Bar No. 011730

s/ William A. Cash, Jr. (with permission DBT)
**WILLIAM A. CASH, JR.**
Supervisory Trial Attorney
Arkansas Bar No. 88081

s/ Darin B. Tuggle
**DARIN B. TUGGLE**
Trial Attorney
New Jersey Bar No. 048621998

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
1407 Union Avenue, Suite 901
Memphis, TN 38104
Telephone:  (901) 544-0137